**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TYRONE BOWDEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00804-MTS |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**LINCOLN LIFE ASSURANCE COMPANY OF**
**<u>BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston[1] ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Tyrone Bowden ("Plaintiff"), and states as follows:

Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability ("LTD") benefits from an employee benefit plan as defined by Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in the introductory Paragraph of the Complaint.

1. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

such relief or recovery. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits, along with other damages, from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## Parties

5. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits Plaintiff was, at certain times, employed by BJC Health System d/b/a BJC HealthCare ("BJC"). Lincoln admits that Plaintiff was, at certain times, a participant in the BJC Health System d/b/a BJC HealthCare Long Term Disability Plan (the "Plan") sponsored by BJC and that the Plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln admits that Plaintiff was, at certain times, a participant in the Plan sponsored by

BJC and that such welfare plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits it issued Group Disability Income Policy No. GF3-840-444999-01 (the "Policy") to BJC, which Policy, at certain times, insured certain benefits paid by the Plan sponsored by BJC and that the Plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Missouri. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln admits it issued the Policy to BJC, which Policy, at certain times, insured certain benefits paid by the Plan. To the extent that the allegations contained in Paragraph 9 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln is without sufficient information regarding BJC's status as a business entity, and accordingly, denies the allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain documents concerning Plaintiff's military service are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the

best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits Plaintiff's last day at work at BJC was December 10, 2019. Lincoln admits that the Policy includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 14 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff was, at certain times, employed by BJC as a Central Service Equipment Tech. Lincoln admits that the Policy includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain documents concerning Plaintiff's job description and occupation performed at BJC are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits Plaintiff's last day at work at BJC was December 10, 2019. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it sent a letter to Plaintiff dated June 25, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it sent a letter to Plaintiff dated June 25, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent a letter to Plaintiff dated April 9, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent a letter to Plaintiff dated April 9, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and the Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and the Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

17.(sic) Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 17 of the Complaint.

18.(sic) Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 18 of the Complaint.

19.(sic) Lincoln admits it received a letter from Plaintiff's counsel dated January 19, 2022, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 19 of the Complaint.

20.(sic) Lincoln admits it received a letter from Plaintiff's counsel dated January 19, 2022, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 20 of the Complaint.

21.(sic) Lincoln admits it received a letter from Plaintiff's counsel dated January 19, 2022, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 21 of the Complaint.

22.(sic) Lincoln admits it received a letter from Plaintiff's counsel dated January 19, 2022, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 22 of the Complaint.

23.(sic) Lincoln admits it received a letter from Plaintiff's counsel dated January 19, 2022, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 23 of the Complaint.

24.(sic) Lincoln admits it sent a letter to Plaintiff's counsel dated February 11, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 24 of the Complaint.

25.(sic) Lincoln admits it sent a letter to Plaintiff's counsel dated February 11, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and the Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 25 of the Complaint.

26.(sic) Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and

the Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 26 of the Complaint.

27.(sic) Lincoln admits it sent a letter to Plaintiff's counsel dated February 11, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 27 of the Complaint.

28. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

**<u>Count I</u>**
**<u>Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)</u>**

29. Lincoln admits that Plaintiff was, at certain times, employed by BJC and a participant in the Plan. Lincoln admits that the Policy includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 29 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from

the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 30 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 31 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that it sent a letter dated April 9, 2021, to Plaintiff and a letter dated February 11, 2022, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it received an appeal of the denial of Plaintiff's claim for benefits from the Plan under the Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies the allegations contained in Paragraph 34 of the Complaint.

35. Lincoln denies the allegations contained in Paragraph 35 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

**Count II**
**Breach of Fiduciary Duty Pursuant to 29 U.S.C. §1132(a)(3)**

28.(sic) To the extent that the allegations contained in the second Paragraph numbered 28 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in the second Paragraph numbered 28 of the Complaint.

29.(sic) Lincoln denies the allegations contained in the second Paragraph numbered 29 of the Complaint.

30.(sic) Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the Plan under the Policy. Lincoln admits it issued the Policy to BJC, which Policy, at certain times, insured certain benefits paid by the Plan. Lincoln denies all remaining allegations contained in the second Paragraph numbered 30 of the Complaint.

31.(sic) To the extent that the allegations contained in the second Paragraph numbered 31 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in the second Paragraph numbered 31 of the Complaint.

32. (sic) To the extent that the allegations contained in the second Paragraph numbered 32 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in the second Paragraph numbered 32 of the Complaint.

33. (sic) To the extent that the allegations contained in the second Paragraph numbered 33 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in the second Paragraph numbered 33 of the Complaint.

34.(sic) To the extent that the allegations contained in the second Paragraph numbered 34 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in the second Paragraph numbered 34 of the Complaint.

35.(sic) To the extent that the allegations contained in Paragraph numbered 35 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies

that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in the second Paragraph numbered 35 of the Complaint.

36. Lincoln denies the allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40. To the extent that the allegations contained in Paragraph 40 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the Plan under the Policy. Lincoln admits it issued the Policy to BJC, which Policy, at certain times, insured certain benefits paid by the Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies the allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies the allegations contained in Paragraph 43 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for breach of fiduciary duty against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).

3. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, and Plaintiff may not recover statutory or other penalties from Lincoln.

4. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

5. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Plaintiff has failed to state a claim for relief upon which statutory penalties may be awarded to Plaintiff or recovered from Lincoln.

9. Lincoln is not an entity from which statutory penalties under 29 U.S.C. § 1132 can be assessed or from which such statutory penalties may be recovered.

10. Lincoln reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*
Iwana Rademaekers (MOED Bar # 16452560T)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 14th day of October 2022 to be served by operation of the Court's electronic filing system upon the following:

Matthew R. Davis, #MO58205
Email: matt@gallagherdavis.com

Adam J. Olszeski, #MO66126
Email: adam@gallagherdavis.com

*Attorneys for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers