**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TYRONE BOWDEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-00804-MTS |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF KRISTI JAMES MOTION FOR LIMITED DISCOVERY**

COMES NOW Plaintiff, by and through undersigned counsel, and for his Memorandum of Law in Support of his motion for limited discovery states as follows:

## Introduction

This is an ERISA case for long term disability benefits provided under an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002. In the proposed scheduling plan, the parties identified that they did not agree on the scope of discovery permitted under ERISA as it applies to the facts in this case and in response the Court in its Case Management Order instructed Plaintiff to file a Motion for Discovery if discovery beyond the administrative record was necessary. This motion and memorandum follow.

## Background

Mr. Bowden is a veteran. He suffers from Post-Traumatic Stress Disorder, which he has endured since his service to our country concluded. Despite this condition Mr. Bowden has successfully been employed as a medical equipment tech since being discharged. [Adm. Rec. Lincoln/Bowden 827].

In 2019, Mr. Bowden became unable to perform the duties of this occupation due to bilateral shoulder pain, torn rotator cuffs, chronic pain, and fibromyalgia. [Adm. Rec. at Lincoln/Bowden 195]. Lincoln initially approved LTD benefits but denied continued disability benefits on April 9, 2021. [Adm. Rec. at Lincoln/Bowden 235]. The stated reason for that denial was that Mr. Bowden's Post-Traumatic Stress disorder did not disable him from his employment. [*Id*.] No reference is made to any of Mr. Bowden's physical conditions. [*Id*.]

On September 20, 2021, Mr. Bowden – through retained counsel – submitted a written appeal of this denial. [Adm. Rec. at Lincoln/Bowden 195-197]. Medical records, which were referenced in that letter, where submitted in conjunction with the letter. [*Id.*]

During the review process, Lincoln: (1) notified counsel for Mr. Bowden that it needed additional records; and (2) retained a physician to review the records it had. Ultimately, Lincoln denied the appeal on the grounds that it did not have sufficient medical evidence to support continued benefits. [Adm. Rec. at Lincoln/Bowden 108-118].

**Standard of Review**

The appropriate standard of review – at this time[1] – in this matter is the "modified abuse of discretion standard" as discussed by the 8th Circuit in *McIntyre v. Reliance Std. Life Ins. Co.*, 972 F.3d 955, 959 (8th Cir. 2020) and first outlined in *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160-61 (8TH Cir. 1998).

In *MetLife v. Glenn*, the U.S. Supreme Court Stated that:

> Conflicts are but one factor among many that a reviewing judge must take into account. Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different

[1] If it is proven through discovery that Lincoln failed to review all information submitted to it and/or failed to implement procedures consistent with the requirements of 29 .C.F.R. 2560.503-1, the appropriate standard of review may switch to *de novo* for the limited purposes outlined in 29 C.F.R. 2560.503-1(l).

> ways to conflicts –which themselves vary in kind and in degree of seriousness—for us to come up with a one-size fits-all procedural system that is likely to promote fair and accurate review. Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress. …
>
> Not only trust law, but also administrative law, can ask judges to determine lawfulness by taking account of several different, often case-specific, factors, reaching a result by weighing all together.

*Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008) (internal citations omitted).

In response to that holding, the 8th Circuit adopted the modified abuse of discretion standard of review to permit judges to explore all conflicts of interests and procedural irregularities that exist in the administrative record and determine how such conflicts and irregularities affect the lawfulness of a Plan administrator's discretionary decision making. See *McIntyre v. Reliance Std. Life Ins. Co.*, 972 F.3d 955 (8th Cir. 2020).

The modified abuse of discretion standard is appropriate when: (1) a palpable conflict of interest or procedural irregularities exist, which (2) caused a serious breach of the plan administrator's fiduciary duty. *See McIntyre*, 972 F.3d at 959. (citing and discussing *Woo*, 144 F.3d at 1160). Here, there is no dispute that a conflict of interest exists, however, there are also palpable procedural irregularities. The second prong – if the procedural irregularities and/or conflict of interest caused a breach of fiduciary duties – can only ever be satisfied if discovery is granted beyond the administrative record. As there are identifiable procedural irregularities in the administrative record, discovery is necessary to

see whether those irregularities and the inherent conflict of interest caused a breach of fiduciary duty.

**<u>Right to Discovery</u>**

Mr. Bowden is pursing two alternative theories of recovery. [See Doc #1 – Complaint.] Count I allege a wrongful denial of benefits and is brought under §1132(a)(1)(b) and Count II is brought pursuant to §1132(a)(3) for a breach of fiduciary duties stemming from a faulty process. [*Id.*] A claim brought for equitable remedies under §1132 (a)(3) "flows from the process, not the denial of benefits itself," and is inherently separate and distinct from a claim under §1132 (a)(1)(b). *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 547 (8th Cir. 2017). Discovery is appropriate under both causes of action in this matter.

1) *<u>Discovery is Necessary Under Mr. Bowden's § 1132(A)(1)(B) Claim for Wrongful Denial of Benefits</u>*

As Judge Nanette Baker recently recited, the law of this district and the 8th Circuit is that discovery is appropriate beyond the administrative record:

> In a wrongful denial of benefits case, a district court may permit the admission of additional evidence if the plaintiff shows "good cause" for the court to do so. *Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). Discovery may be permitted to establish either a palpable conflict of interest or serious procedural irregularity. *See Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998). Conflicts of interest exists whenever the same entity both determines benefits eligibility under an ERISA plan and pays the benefits out of its own pocket. *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105, 114, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008). A procedural irregularity is said to exist where the plan administrator, in the exercise of its power, acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision. *Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 869 (8th Cir. 2008).

*Radle v. UNUM Life Ins. Co. of Am.*, 2022 U.S. Dist. Lexis 145289 (E.D. Mo. Aug. 15, 2022).

It is undisputed that Lincoln is both the decider and payer of LTD benefits under the plan at issue, see [Doc #1 at ¶¶ 6-7] and [Doc #5 at ¶¶ 6-7], and bears an inherent conflict of interest. See *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). However, there are also glaring procedural irregularities in the in the administrative record that demonstrate that Mr. Bowden was deprived of the full and fair review he was entitled.

a. *Lincoln Failed To Implement Proper Claims Procedures And Also Failed To Adhere To The Prudent Person Standard, Both Of Which Deprived Mr. Bowden Of A Full And Fair Review Of His Appeal.*

The stated reason Lincoln denied Mr. Bowden's appeal is as follows:

> In summary, we acknowledge that [Mr. Bowden] ma have continued to experience some symptoms associated with his condition(s) beyond April 7, 2021. However, the information does not contain physical or mental status exam findings, diagnostic test results or other forms of medical evidence supporting his impairments and symptoms remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering him unable to perform the duties of his occupation after that date.

[Adm. Rec. at Lincoln/Bowden 115]. In short, Lincoln contends that Mr. Bowden could be disabled, but it just did not have sufficient information to make that determination. Lincoln bolsters this position by stating three times in the appeal denial letter that "you did not submit any additional medical records or other supporting documentation with your appeal." This is objectively false and indicates a failure to keep a complete and accurate claim file, as medical evidence was submitted on two separate occasions but is not in the claim file, and two the prudent person standard requires that Lincoln could and should have obtained any information it deemed necessary.

i. *The administrative record is incomplete indicating that Lincoln Failed to Implement A Claim Process that provided a Full and Fair Review*

For claim procedures to provide the full and fair review they must provide a claimant the right to submit new documents, the plan administrator must then review the documents, and then

must provide all information relied upon to make its decision. 29 C.F.R. § 2560.503-1(h)(2). Here, information submitted to Lincoln in support of Mr. Bowden's appeal is missing from the administrative record demonstrating blatant failures to implement appropriate claims practices.

On January 26, 2022, Plaintiff sent correspondence to Lincoln which included a CD containing more than 1000 pages of VA medical records for Mr. Bowden. That letter is attached here as exhibit 1. Neither that letter, nor the up-to-date medical records contained on the CD, are included in the administrative record.

Additionally, it is Counsel for Plaintiff's practice to submit all medical records in his possession that relate to the claimant with an appeal letter. It is clear from the administrative record, and confirmed by correspondence sent by Lincoln on October 5, 2021, that Lincoln either did not receive the medical records submitted by Counsel for Plaintiff or failed to properly process those medical records. See [Adm. Rec. at Lincoln/Bowden 189-90]. Regardless of which occurred, it is evident that Lincoln employee Lindsey Mack did not have all the information submitted and relied upon by Mr. Bowden.

The absence of this crucial evidence from the administrative record demonstrate that Lincoln failed to properly process all information submitted to it as part of Mr. Bowden's appeal. The easily proven deficiencies in the administrative record constitute procedural irregularities. And those procedural irregularities had an immediate impact on the decision made by Lincoln, as evidence by the justification for denial outlined above.

Discovery is necessary in this case – and good cause exists – to determine how and why Lincoln failed to properly process all documents submitted in support of Mr. Bowden's appeal and to determine if the medical records that were submitted, but not considered, would have influenced the decision made by Lincoln employee Lindsey Mack.

ii. *Failed To Properly Investigate The Claim As Required By 29 C.F.R. § 2560.503-1 And 29 U.S.C. § 1104*

29 U.S.C. § 1104 imposes the prudent man standard of care, which requires, among other duties, that the plan administrator discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 C.F.R. § 2560.503-1 requires plan administrators to provide a full and fair review of all claims and appeals.

As part of Mr. Bowden's application for LTD and STD benefits, he was required to submit a HIPPA authorization so Lincoln could obtain his medical records. [Adm. Rec. at Lincoln/Bowden 909] (it does not appear that an executed copy of the HIPAA authorization is contained in the administrative record, but it is evident that Lincoln did obtain medical records on its own throughout the LTD application and appeal process [Adm. Rec. Lincoln/Bowden 063-80]). Lincoln and its employee Lindsey Mack had the ability to obtain any medical records it deemed necessary.

As evidenced by the October 5, 2021 letter, Lincoln identified medical records that were necessary to its determination, but did not have in its possession (despite being produced by counsel for Plaintiff on September 20, 2021 and again on January 26, 2022). [Adm. Rec. at Lincoln/Bowden 189-90]. The medical records identified do not appear in the administrative record (despite being produced twice by Counsel for Plaintiff) even though Lincoln and its employee Lindsey Mack had the ability to obtain them independently.

Despite knowing that she did not have all necessary medical evidence Ms. Mack still proceeded with retaining a third-party physician to review Mr. Bowden's medical records. [Adm. Rec. at Lincoln/Bowden 067].

A prudent claims adjuster, having both identified necessary records and the possessing the means to obtain said records, would necessarily obtain the records before obtaining a review of the claimant's medical records and/or denying the appeal. By failing to obtain the records independently or waiting to obtain a third-party review of the medical records until all necessary records were obtained, Ms. Mack blatantly failed to uphold the prudent man standard of care and deprived Mr. Bowden of the full and fair review he was entitled to. These failures and deprivations constitute procedural irregularities that directly affected the outcome of Mr. Bowden's appeal.

Discovery is necessary in this case – and good cause exists – to determine why Lincoln employee Lindsey Mack failed to act as an ordinary prudent claims adjuster would by failing to obtained documents she deemed necessary and proceeding with retaining a third-party reviewer without said information, and to determine what affect the information would have had on her decision had she had the information.

b. *Improper Retention of a Medical Expert*

29 C.F.R. § 2560.503-1(b)(7) prohibits the retention of medical experts by a plan administrator based on the likelihood that the physician would return an opinion that would support certain outcomes. The prohibition implicitly requires plan administrators like Lincoln to implement internal guidelines and procedures that would ensure retention of experts based solely upon their qualifications to opine on the matter at hand.

During the appeal, Lincoln retained the services of Dr. Deon to review Mr. Bowden's medical records. Dr. Deon returned an opinion that was supportive of Lincoln's initial denial of Mr. Bowden's claim – i.e. Mr. Bowden's post-traumatic stress disorder did not disable Mr. Bowden. This opinion is the result of cherry-picked pieces of medical information and does not consider the comprehensive evidence that Mr. Bowden was physically disabled. Lincoln was

appraised of these deficiencies in Dr. Deon's opinions [Adm. Rec. at Lincoln/Bowden 145], which were refuted by Dr. Hinton, who reviewed all conditions and performed an in-person examination of Mr. Bowden. [Adm. Rec. at 146-157]. Dr. Deon's opinion could only have been reached if he was instructed to ignore pertinent medical information – or was not presented with the same.

Dr. Deon's failure to consider all physical conditions and the resulting restrictions and limitations calls into question how and why he was retained. Discovery is necessary in this case – and good cause exists – to determine whether Lincoln implemented proper retention policies to guarantee that Dr. Deon was retained solely for his medical expertise and not for his likelihood to return an opinion that would support denial.

2) *Discovery is necessary in all claims brought under §1132(a)(3)*

Discovery is necessary in *all* §1132(a)(3) claims, the only limitation on discovery is those contained in the Federal Rules of Civil Procedure. *Kostecki*, 2014 LEXIS 24858 at *4 (emphasis added).

Claims brought for breach of an administrator's fiduciary duties under §1132(a)(3) require discovery to explore the nature and extent of the purported conflict or irregularity that form the basis of the administrator's fiduciary duties. *Sampson v. Prudential Ins. Co. of Am.*, 4:08-CV-1290 CDP LEXIS 24858 (E.D. Mo. Ct. Mar. 26, 2009); *Kostecki v. Prudential Ins. Co. of Am.*, 4:14-CV-695 JCH LEXIS 144297 (E.D. Mo. Ct. Oct. 10, 2014); and *Friemon v. Nat'l Carriers' Conf. Comm.*, 2018 U.S. Dist. LEXIS 199142, *3 (E.D. Mo. Ct. Nov. 26, 2018).

Because the courts will conduct a more searching review of the breach of fiduciary duty claim, Plaintiff is entitled to discovery as it relates to this claim. *See Waldoch v. Medtronic*, Inc., 757 F.3d 822, 830 (8th Cir. 2014).

## <u>Discovery Sought</u>

As a result of the procedural irregularities identified above Plaintiff seeks the following discovery:

1. Written discovery regarding all internal guidelines, policies, claim handling manuals, and/or procedures – however named – that govern Lincoln's review of an internal appeal of benefits denial.
2. Written discovery regarding all internal guidelines, policies, claim handling manuals, hiring practices and/or procedures – however named – that govern Lincoln's receipt and processing of information submitted as part of internal appeals to guarantee that they become part of the claim file/administrative record.
3. Written discovery regarding all internal guidelines, policies, claim handling manuals, hiring practices and/or procedures – however named – that govern Lincoln's retention of a medical reviewer, whether through a third-party vendor or otherwise, including every way that Lincoln guarantees that that the retention and/or compensation was not based on the likelihood that the third-party would support the denial of benefits
4. Written discovery directed to any third-party vendor that was used to retain Dr. Deon relating to how it retains medical reviewers and if it keeps information about medical reviewers regarding the rate its retained medical professionals support or deny continued benefits.
5. Written discovery into any and all manuals, procedures, and guidelines (however so named) that govern the retention of third-party reviewers.

6. Written discovery into all internal guidelines, policies, claim handling manuals, and/or procedures – however named – that govern Lincoln's employee reviews and/or employee retention or advancement.
7. Deposition of Dr. Deon – not to exceed one hour in time – to determine that he considered all medical knowledge and cross examine him as to why his medical opinions differed so greatly from the readily available medical evidence.
8. Depositions of Lincoln employee Lindsey Mack – not to exceed one hour in time – to determine that she followed all internal guidelines for the review of an appeal and retention of medical experts.

**Respectfully submitted,**

**GALLAGHER DAVIS, L.L.P.**


*/s/ Adam J. Olszeski*
Matthew R. Davis, MO58205
Adam J. Olszeski, MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 13th day of January 2023 a copy of the foregoing was served via the Court's electronic filing system, upon all counsel of record.

*/s/Adam J. Olszeski*